902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John COX, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-5958.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1990.
 
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant John Cox appeals from the judgment of the district court in favor of the Secretary of Health and Human Services (Secretary) affirming the Secretary's denial of Cox's claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act as amended. For the following reasons we affirm the judgment of the district court.
 
 I.
 
 2
 Claimant filed his application for disability insurance benefits and supplemental security income on December 23, 1986, alleging that he became disabled and unable to work on September 2, 1972, due to alcoholism and a lower back injury. The Secretary denied claimant's applications on February 11, 1987. The Secretary denied claimant's applications upon reconsideration on March 19, 1987. Dissatisfied with the Secretary's determinations, the claimant requested a hearing before an Administrative Law Judge (ALJ). This hearing was held on September 8, 1987.
 
 
 3
 On February 25, 1988, the ALJ issued his decision denying benefits to the claimant. The Appeals Council denied Cox's request for review on July 7, 1988, making the ALJ's decision the final decision of the Secretary. Claimant appealed to the district court. On January 26, 1989, the United States Magistrate issued his Report and Recommendation proposing that the Secretary's decision denying appellant's claims be upheld. Claimant filed objections to the Magistrate's Report and Recommendation. On June 29, 1989, the district court issued its Memorandum Opinion and Order granting the Secretary's motion for summary judgment in accordance with the Magistrate's Report and Recommendation. Claimant thereafter filed this timely appeal.
 
 
 4
 The following evidence was introduced at the September 8, 1987 hearing.
 
 
 5
 Claimant was born on April 26, 1948, and was 38 years old when he applied for disability insurance benefits and supplemental security income on December 23, 1986. Cox completed the sixth grade and thereafter worked as a stock boy, welder, and form setter. Claimant last worked in September, 1972, alleging disability beginning September 2, 1972, due to alcoholism and a lower back injury.
 
 
 6
 Cox offers minimal medical documentation to support his claim. The claimant offered an "Emergency Record" from Appalachian Regional Healthcare which indicates that Cox was examined on November 18, 1986. Claimant reported that he fell from a roof six to eight feet high injuring his lower back. Though Cox complained of pain, he denied discomfort in his legs and exhibited no significant back tenderness. Straight leg raising tested negative with no focal motor weakness.
 
 
 7
 An x-ray revealed straightening of the claimant's lumbar spine though the radiologist, Dr. V.R. Sola, noted that "the straightening could be due to associated muscular spasm" further noting that "the disc spaces are well preserved" and the "spinous processes appear normal." Furthermore, the treating physician did not speculate as to whether the compression at L1 (25% loss of volume) was new or existing. Claimant was released from the medical facility with a prescription for Tylenol # 4, and was instructed to get bed rest. The examining physician did not indicate any signs of alcohol consumption or intoxication.
 
 
 8
 Cox was examined by Dr. John S. Ashworth on February 2, 1987. Claimant informed Dr. Ashworth that, in addition to his recent lower back injury, he had sustained a "broken back" in 1970 following an automobile accident. Cox stated that he also fractured his left ankle in 1982 by falling from the roof of a barn he was painting. Dr. Ashworth, noting that the claimant exhibited nearly a full range of motion in all joints, concluded that there was no evidence of orthopaedic disease in claimant's lower back "other than his old fracture wedge of L1." Furthermore, Dr. Ashworth did not mention any signs of Cox's alleged alcohol dependence.
 
 
 9
 The only evidence presented to the ALJ pertaining to Cox's alleged alcoholism is a report from the Comprehensive Care Center which evaluated Cox at the request of Cox's attorney. Though the Comprehensive Care Center noted the claimant's alleged drinking history, there is no indication that any physical or psychiatric examination of Cox was performed. The counselors recommended that the claimant undergo reality oriented therapy, including alcohol education, to enable Cox to "help himself." Though Cox testified to a lengthy history of alcohol consumption (allegedly resulting in occasional hallucinations and memory lapses), claimant offered little, if any, medical evidence to support his alcohol-related disability assertion.
 
 
 10
 Cox testified that he could walk for thirty to forty minutes, visit friends and relatives, climb stairs, vacuum, mow lawns, lift twenty pounds, and sit for longer than one hour. The claimant further testified that, since 1972, he has attempted to engage in short-term employment, including farming and pouring concrete, on several occasions. Though claimant noted in his application to the Secretary that he is able to drive a car, Cox testified that he does not drive.[1]
 
 
 11
 After considering the testimonial and documentary evidence, the ALJ held:
 
 
 12
 Based on the entire record presented to us, including the testimony of the claimant and his witness and the numerous medical reports submitted in his behalf, I find that while there is no doubt that the claimant has some sort of discomfort related to an old back injury, there is no indication of a disabling impairment. There is nothing in the record to indicate that claimant would have difficulty performing the full range of basic work related activities, except for heavy lifting and/or carrying. As a result claimant is unable to return to his past relevant unskilled work as a form fitter in construction. However, based on the information contained in the medical reports, it is concluded that claimant is able to perform a full range of light work which usually entails lifting and carrying objects weighing no more than 20 pounds, and a fair amount of walking, standing and sitting. Reference is made to Rule No. 202.17, Table 2, Appendix 2, which directs a finding of not disabled. Claimant's additional nonexertional limitation does not place any significant restrictions on his ability to work. Hence, using the above cited rule as a framework for decision making, it is found that the claimant is not disabled and not entitled to a period of disability, disability insurance benefits, or to Supplemental Security Income benefits.
 
 
 13
 Claimant argues that the Secretary's finding that he had the residual functional capacity to perform a full range of light work after September 2, 1972, is not supported by substantial evidence. Specifically, Cox argues that he suffers from lower back pain and alcoholism which, together, could reasonably be expected to prevent any substantial gainful activity.
 
 II.
 A.
 
 14
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g) which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and we " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).
 
 
 15
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Secs. 404.1520(b), 416.920(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. Secs. 404.1520(c), 416.920(c).
 
 
 16
 If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Secs. 404.1520(d), 416.920(d). See 20 C.F.R. Secs. 404.1525(a), 416.925(a). If so, benefits are owing without further inquiry. In the instant action, the ALJ found that Cox did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. 20 C.F.R. Secs. 404.1520(e), 416.920(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant action, the ALJ found that Cox was not capable of returning to his particular occupation.
 
 
 17
 At this step in the analysis it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Secs. 404.1520(f)(1), 416.920(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt. P, App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, then the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant action, the ALJ determined that the claimant's characteristics resembled, but did not identically match, the characteristics found in the residual functional capacity grid at Rule 202.17 suggesting no disability. 20 C.F.R. Pt. 404, Subpt. P, App. 2.
 
 B.
 
 18
 Claimant argues that the ALJ erroneously concluded that there was insufficient evidence to support a debilitating impairment arising from the combined effects of claimant's lower back pain and alcoholism beginning September 2, 1972. We reject this argument.
 
 
 19
 Cox contends that he cannot perform light, or even sedentary, work. Light work involves lifting no more than twenty pounds at a time with more frequent lifting or carrying of less than ten pounds. Much walking or standing is often required, though prolonged sitting, with the occasional pushing and pulling of arm or leg controls, is included in this category. 20 C.F.R. Sec. 404.1567(b). Sedentary work involves lifting and carrying small items including files, ledgers, and tools weighing no more than ten pounds. A sedentary job entails much sitting with occasional standing and walking. 20 C.F.R. Sec. 404.1567(a). The ALJ found the claimant able to perform the full range of light work. We conclude that substantial evidence supports this finding.
 
 
 20
 Though claimant has been diagnosed with lumbar spine straightening, compression at L1, and, arguably, alcohol dependence, the record contains little objective evidence of an underlying condition that would cause severe work-related functional limitations. The ALJ specifically found that the objective medical evidence failed to confirm the severity of the pain that claimant alleged, and that Cox's underlying condition could not reasonably be expected to produce disabling pain.
 
 
 21
 This court has previously held that subjective complaints of pain may support a claim for disability. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 852 (6th Cir.1986). However, subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability. 20 C.F.R. Sec. 404.1529. To support a disability claim there must be objective medical evidence in the record of an underlying medical condition. Duncan, 801 F.2d at 853. If this requirement is met, the court must also determine either that the objective medical evidence confirms the severity of the alleged disabling pain arising from the condition, or that the objectively established medical condition is of such a severity that it can reasonably be expected to produce disabling pain. Id. In applying this standard the reviewing court should show deference to the decision of the administrative law judge in assessing credibility. Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988).
 
 
 22
 Though Cox testified to disabling lower back pain, Dr. Ashworth reported that claimant's neurological functioning was normal, adding that he found no evidence of orthopaedic disease in claimant's lower back. Cox's complaints of disabling pain were properly rejected because the medical evidence failed to confirm the severity of the pain. Though Cox alleged fully disabling and debilitating symptomatology, the ALJ may distrust a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict.
 
 
 23
 Cox further alleges that he suffers from a severe mental impairment, alcoholism. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.09 ("Substance Addiction Disorders"). The mental impairment must produce work-related limitations that significantly affect the claimant's ability to perform a full range of work at a given exertional level before a mental impairment will preclude the use of the medical-vocational guidelines. Buress v. Secretary of Health & Human Servs., 835 F.2d 139, 142-43 (6th Cir.1987). A claimant must satisfy the documentation requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.00(B) to establish that a mental disorder reaches the level of severity to be considered disabling: "The existence of a medically determinable impairment of the required duration must be established by medical evidence consisting of clinical signs, symptoms and/or laboratory or psychological test findings."
 
 
 24
 Cox has failed to support his burden of proving that he was disabled by his alcoholism. The only objective evidence in the record of claimant's alcoholism is a 1987 report from the Comprehensive Care Center which evaluated the claimant at the request of his attorney. There is no evidence that the claimant ever sought treatment prior to his application for disability benefits, nor is there evidence that Cox pursued the Center's recommended alcoholism treatment program. Furthermore, the Center's brief report indicates that physical and psychiatric examinations were not conducted on Cox as part of the Center's evaluation process.
 
 
 25
 In LeMaster v. Secretary of Health & Human Servs., 802 F.2d 839 (6th Cir.1986), this court declared the standard to be applied in evaluating allegations of disabling alcoholism. Relying on its earlier holding in Gerst v. Secretary of Health & Human Servs., 709 F.2d 1075 (6th Cir.1983), this court concluded that the mere inability to control one's use of alcohol is not disabling. Instead, a claimant must show serious interference with his day-to-day activities. LeMaster, 802 F.2d at 842. "[A]n alcoholic who retains the ability to drive, socialize, maintain a lawn, manage his money, etc., is not disabled." Id. Furthermore, application of the "grids" in the absence of testimony from a vocational expert is not precluded if an individual's substance abuse results in no significant functional limitations. Buress, 835 F.2d at 142-43.
 
 
 26
 The claimant has provided insufficient medical evidence to satisfy the mental disorder documentation requirement. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.00(D) (1989). Cox's unsupported claims are insufficient to prove a significant functional limitation. Furthermore, this court has previously held that a diagnosis of a mental impairment is insufficient, standing alone, to establish entitlement to disability benefits. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir.1988). An individual must establish that the condition is disabling. Id. Cox simply has failed to establish a disabling mental impairment as even the Comprehensive Care Center's report fails to describe the claimant's condition as disabling.
 
 
 27
 The ALJ in the instant action considered the claimant's testimony, determined Cox's credibility, and found the claimant able to perform the full range of light work. See Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 928 (6th Cir.1987) (a reviewing court will normally not disturb the Secretary's credibility determinations). In the absence of corroborating medical evidence, the record in the instant action supports the Secretary's finding that the claimant's alcoholism did not significantly limit his ability to perform a full range of light work. If a claimant suffers from a nonexertional impairment that restricts his or her performance at the appropriate residual functional capacity level, the "grids" are inapplicable and the Secretary must rely on other evidence to carry his burden. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 200.00(e) (1989). However, if an individual does not suffer from nonexertional impairments that restrict his or her performance at the appropriate residual functional capacity level, then the Secretary may obtain a directed conclusion of "not disabled" and may take administrative notice that jobs exist in the national economy that the claimant can perform. Heckler, 461 U.S. at 465-68. The Secretary, discounting Cox's alleged alcoholism, appropriately applied the "grids" in the instant action and found the claimant not disabled pursuant to 20 C.F.R. Secs. 404.1520(f), 416.920(f) (1989).
 
 
 28
 Cox further maintains that the ALJ failed to consider the claimant's impairments in combination. This claim is without merit. The ALJ specifically stated that he considered the claimant's impairments in combination. Such statements are sufficient to show that the ALJ considered the combined effect of the claimant's impairments. Gooch, 833 F.2d at 591-92. The ALJ considered the claimant's impairments in combination and concluded that these impairments did not prevent Cox from performing the full range of light work.
 
 
 29
 The ALJ's findings are supported by substantial evidence. The judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 Cox testified that he lost his drivers license after being stopped for driving while intoxicated "eight or ten times." The record contains no evidence supporting this contention