865 F.2d 1267
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alex ADAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5336.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant Alex Adams appeals the district court's affirmance of the Appeals Council's denial of his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. Sec. 423. The Appeals Council's decision had reversed the Administrative Law Judge's "recommended decision" to grant benefits. Because we find the Appeals Council's decision supported by substantial evidence, we affirm the denial of appellant's claim for benefits.
 
 
 2
 Appellant is a sixty-one year-old former coal mine worker who has not worked on a regular basis since 1975. It is undisputed that his insured status under the Social Security Act expired on June 30, 1978. In a "recommended decision" dated October 1986, the Administrative Law Judge (ALJ) resolved "considerable doubt" as to the date of onset of appellant's disability in favor of appellant and held that appellant was disabled prior to June 30, 1978, as a result of alcohol abuse. The Appeals Council refused to adopt this recommended decision; it held that appellant was not disabled prior to June 30, 1978. Appellant appealed to the district court which affirmed the Appeals Council's decision. This appeal followed.
 
 
 3
 A claimant bears the burden of establishing that he suffers a disability under the Social Security Act. Hurst v. Secretary of Health & Human Services, 753 F.2d 517, 518 (6th Cir.1985). "Disability" is defined in the Act as an
 
 
 4
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....
 
 
 5
 42 U.S.C. Sec. 423(d)(1)(A). Judicial review of a decision of the Secretary to grant or deny disability benefits "is limited to determining whether there is substantial evidence in the record to support the decision." Murphy v. Secretary of Health & Human Services, 801 F.2d 182, 184 (6th Cir.1986). When the findings of the ALJ and those of the Appeals Council conflict, "the issue for judicial review is whether the Appeals Council's findings, and not those of the administrative law judge, are supported by substantial evidence." Mullen v. Bowen, 800 F.2d 535, 546 (6th Cir.1986) (en banc).
 
 
 6
 As stated, it is undisputed that appellant's insured status under the Social Security Act expired June 30, 1978. "In order to qualify for an award of disability insurance benefits, [a claimant] must establish 'the onset of disability prior to the expiration of his insured status.' " Garner v. Heckler, 745 F.2d 383, 390 (6th Cir.1984) (emphasis in original; citation omitted). Appellant contends that the Appeals Council's holding that appellant was not disabled prior to June 30, 1978, is not supported by substantial evidence and that prior to that date he was disabled by a mental disorder qualifying as a listed impairment under 20 C.F.R. Part 404, Subpart P, App. 1, Secs. 12.02, 12.04.
 
 
 7
 We disagree. Although record evidence indicates that appellant abused alcohol prior to June 30, 1978, substantial evidence supports the Appeals Council's determination that appellant's alcohol abuse did not, before June 30, 1978, cause him to suffer a mental impairment such that he was disabled under the Social Security Act. Appellant has been hospitalized numerous times for excessive drinking. However, only two of these hospitalizations occurred before June 30, 1978--one in October 1976, and one in November 1977. In both pre-June 1978 hospitalizations, medical reports indicate no behavioral or physical impairment associated with appellant's alcohol abuse. This court has previously stated that "the mere inability to control alcohol intake is not sufficient to allow for a finding of disability. There must be serious interference with the claimant's normal day-to-day activities." LeMaster v. Secretary of Health & Human Services, 802 F.2d 839, 842 (6th Cir.1986). Although we note that medical reports after June 30, 1978, evidence a worsening of appellant's abuse of alcohol, we hold that substantial record evidence supports the Appeals Council's determination that prior to that date appellant did not establish that he was disabled under the Social Security Act.
 
 
 8
 AFFIRMED.