899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John L. SPEARS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5965.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 This case arises out of a denial of supplemental security income benefits. Appellant John Spears contends that the Secretary's finding of no disability was arbitrary, capricious, and not supported by substantial evidence. The district court granted summary judgment in favor of the Secretary. Like the district court, we conclude that the Secretary's findings were neither arbitrary nor capricious, and were supported by substantial evidence. We shall therefore affirm the district court's judgment.
 
 
 2
 Mr. Spears filed for supplemental security income benefits in January of 1986, alleging that he suffered from chronic back pain, leg pain and numbness. In addition, he suffers from diabetes and is an alcoholic. He claims that the latter conditions, in combination, resulted in neurological damage affecting, among other things, sensations in his extremities and his ability to perform numerous basic physical acts.
 
 
 3
 Dr. Samuel King examined Mr. Spears in May of 1986. Dr. King found that he had diabetes mellitus, back pain, gastritis, arteriosclerotic coronary disease, a right inguinal hernia, and scrotal varicosities. Dr. Michael Passidomo, a neurologist, examined Mr. Spears a year later. Finding a number of neurological difficulties, Dr. Passidomo concluded that he suffered from chronic low back pain with radiculopathy and peripheral neuropathy, probably secondary to diabetes. Dr. Passidomo thought that Mr. Spears could only occasionally lift as much as ten pounds, could stand or walk only three hours in a workday, and could not remain seated for any length of time.
 
 
 4
 Mr. Spears was also examined by Dr. James Weidner. That examination disclosed no evidence of congestive heart failure, but the doctor noted chest pain with characteristics of angina. Musculoskeletal examination showed no deformities, but there was some reduced range of motion of the back. Dr. Weidner's conclusion was that Mr. Spears suffers some degenerative disease of the lumbar spine, angina, chronic alcohol abuse, diabetes, and a mild restrictive pulmonary defect.
 
 
 5
 A vocational expert testified at a hearing before an administrative law judge that although Mr. Spears could no longer perform his past work as a truck driver or heavy equipment operator, his prior work experience provided him with transferable skills that could be utilized in a significant number of light and sedentary jobs. Subsequently, in a letter to the ALJ, the vocational expert stated that if Dr. Passidomo's findings were correct, there were no jobs which appellant could perform. However, if the findings of Drs. King and Weidner were accepted, the vocational expert's opinion was unchanged from that expressed at the hearing.
 
 
 6
 The decision of the ALJ was adverse to Mr. Spears, and the Appeals Council denied review. Mr. Spears then brought suit in district court, where summary judgment was ultimately entered in favor of the Secretary. This appeal followed.
 
 
 7
 The Secretary's findings of fact must be accepted by the courts if supported by substantial evidence. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court "may not try the case de novo, nor resolve conflicts of evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The Secretary's determinations are not subject to reversal solely because substantial evidence would also have supported the opposite conclusion.
 
 
 8
 Appellant claims to be totally disabled, and the ultimate burden of proof on this issue rests on him. Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 349-50 (6th Cir.1988). Thus, appellant must prove that he is totally unable
 
 
 9
 "... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."
 
 
 10
 42 U.S.C. Secs. 423(d)(1)(A), 1382(c)(3)(A). The burden of going forward with the evidence may shift, however, and if a claimant can show he can no longer perform his past work, the Secretary must demonstrate the existence of a significant number of jobs within the national economy which the claimant can perform. Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771 (6th Cir.1987).
 
 
 11
 Appellant's first contention is that it was arbitrary for the Secretary to fail to accept Dr. Passidomo's findings that he was unable to work. The weight to which such findings are entitled depends on the extent to which they are supported by objective evidence in the record. The district judge determined that there was insufficient objective medical evidence to support appellant's subjective complaints, and on this basis rejected the findings of Dr. Passidomo. We cannot say the court erred. X-rays taken by Dr. King and Dr. Weidner showed only mild degenerative abnormalities of the spine and gave no indication of a herniated disc. Dr. Passidomo's own EMG test indicated no evidence of radiculopathy. And while appellant has complained of chest pain, x-rays have shown a normal heart.
 
 
 12
 The ALJ relied in part on his own observations of the appellant in rejecting Dr. Passidomo's conclusion. Personal observation may be a factor in determining the claimant's credibility, Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir.1987), and viewing the evidence as a whole, we agree with the district court that there was adequate support for the denial of Mr. Spear's claim.
 
 
 13
 Mr. Spears contends that the Secretary did not give adequate weight to the effect his alcoholism has on his ability to work. In order to be found disabled due to alcoholism, however, a claimant must show that he was addicted to alcohol and did not have the ability to control its use voluntarily. Gerst v. Secretary of Health and Human Services, 709 F.2d 1075, 1078 (6th Cir.1983). The claimant must also show serious interference with day-to-day activities. LeMaster v. Secretary of Health and Human Services, 802 F.2d 839 (6th Cir.1986). At his administrative hearing, Mr. Spears testified that drinking had not interfered with his work in the past. Neither Dr. Weidner nor Dr. Passidomo noted any serious problems stemming from alcohol abuse. It appears from the record that alcoholism has not precluded appellant from carrying on his day-to-day affairs, and under LeMaster, supra, 802 F.2d at 842, he cannot be considered disabled due to alcoholism.
 
 
 14
 Mr. Spears' final contention is that the combined effect of his physical and mental impairments was not properly assessed. We are not persuaded that the ALJ failed to consider the combined effect of the impairments, or that his assessment was without support in the record as a whole.
 
 
 15
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation