914 F.2d 1495
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel RUTTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-4092.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Samuel Rutter appeals the denial of his application for social security benefits by defendant-appellee, the Secretary of Health and Human Services ("the Secretary"). For the following reasons, we remand.
 
 I.
 
 2
 Rutter was born on June 9, 1944, and was forty-four years old at the time of the supplemental hearing. He has a high school education and additional vocational training in manufacturing technology. His past relevant experience includes work as a production manager, shift foreman, press operator, and truck driver. Rutter has not worked since December 1984.
 
 
 3
 Rutter claims that he is disabled due to the emotional effect of his back pain and due to his drug abuse and alcoholism. At the hearing, Rutter testified that he injured his back in industrial accidents in 1965 and 1970. Rutter also testified that he abused alcohol for a substantial period of his life. Dr. Charles Keller, D.O., a treating physician, stated that Rutter had lumbar spine pain. Three different psychiatrists had the opportunity to examine Rutter. On August 1, 1985, Dr. Edmond J. Gould, M.D., examined Rutter and noted his complaints of pain in the shoulders, back and legs. Dr. Gould diagnosed a chronic adjustment disorder with anxiety and depression as a consequence of back injuries. Rutter informed Gould that he had "not had a drink of alcohol in the past three years." J.App. at 188. As such, Dr. Gould did not comment on the relationship between Rutter's alcoholism and work.
 
 
 4
 On February 19, 1986, Dr. Sami Michael, M.D., a psychiatrist, examined Rutter and diagnosed dysthymic disorder and continuous alcohol abuse. Dr. Michael described Rutter's impairments as severe and his adjustment as "poor." He reported that Rutter had no difficulty in carrying out simple instructions. Dr. Michael did not estimate the extent to which Rutter's alcoholism had diminished his ability to work.
 
 
 5
 Finally, on August 22, 1986, Mr. Bertner, a psychologist, examined Rutter. Rutter told Bertner that he consumed one case of beer per day, took valium and pain medication, and smoked marijuana. Bertner concluded that Rutter's depression and alcoholism was severe enough to preclude gainful employment.
 
 
 6
 At the administrative hearing, Administrative Law Judge ("ALJ") Mark W. Haase used a medical advisor, Dr. Goldsmith, who is a clinical psychologist. Dr. Goldsmith concluded that Rutter clearly had a problem with alcohol and drug abuse. Dr. Goldsmith noted that Rutter demonstrated persistent disturbance of mood related to his abuse. However, Dr. Goldsmith opined that Rutter had only slight impairments in his ability to function. Dr. Goldsmith also noted that Rutter did not choose to seek treatment for his alcohol abuse and had never attempted to exercise control. Also at the hearing, Dr. Riccio, a vocational expert, testified that an individual with only slight functional limitations would be able to return to his past relevant work. On the basis of this testimony, the ALJ found that Rutter suffered from alcohol and drug abuse; however, the lack of functional limitations and Rutter's ability to control his abuse precluded Rutter from receiving benefits.
 
 
 7
 On review, the United States District Court for the Southern District of Ohio, Judge James L. Graham presiding, disagreed with the ALJ's approach with respect to Rutter's control of his alcohol abuse. The district court noted that while Dr. Goldsmith testified that Rutter did not seek treatment, the records revealed that Rutter had been treated for his alcohol abuse on a few occasions. In light of this evidence, the court remanded the case to the Secretary for further proceedings concerning Rutter's treatment.
 
 
 8
 Additional evidence submitted upon remand to the ALJ reveal that Rutter was admitted to Mercy Hospital in Portsmouth, Ohio on April 12, 1988 for alcohol abuse. Rutter was hospitalized for alcohol abuse for six days, during which time he attended Alcoholics Anonymous meetings. Dr. Borders, his psychiatrist, released him from the hospital on the basis that Rutter had achieved the maximum possible benefit from acute hospitalization treatment. Dr. Borders submitted a report on August 31, 1988, stating that Rutter had been sober since his April hospitalization, but he was physically unable to work in his prior occupation.
 
 
 9
 At the second hearing, Dr. Goldsmith, again the medical advisor, concluded that there was still no credible evidence that Rutter had ever attempted to discontinue his alcohol use or to participate in a meaningful treatment program. He noted that Rutter spent only six days in the hospital, as opposed to the normal twenty-eight day detoxification program. He also noted that Rutter testified that he continued to drink while in the prison program for alcohol abuse treatment in 1982-83. Dr. Goldsmith concluded that Rutter's problem was primarily a personality disorder, and that his activity had become "moderately" restricted in the two years between the two hearings. Relying upon this evidence, the ALJ concluded that Rutter suffered from a back problem, but that the problem was not severe. The ALJ also concluded that since Rutter did not make any serious attempts to control his alcohol or drug abuse, it was proper to evaluate his functional restrictions without regard to his daily intoxication. On this basis, the ALJ found that Rutter's testimony was not credible, and at odds with the objective medical evidence.
 
 
 10
 On review, the district court affirmed, concluding that Rutter's ingestion of alcohol was voluntary and that Rutter was able to control his intake. In so ruling, the court formulated the following test: a person "who refuses to make any bona fide effort to obtain treatment for that condition may well suffer from a psychological impairment, such as a personality disorder, which itself might be disabling. The disability in that case, however, cannot be measured in terms of the impact that the ingestion of alcohol or drugs has on the individual's ability to function, but must rest upon an objective evaluation of the impact that the personality disorder itself has." Rutter v. HHS, No. C-2-87-0743, slip op. at 9 (S.D. Ohio, October, 19, 1989). The court then concluded that substantial evidence supported the Secretary's conclusion that the personality disorder was not disabling.
 
 II.
 
 11
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. Richardson v. Perales, 402 US 389, 401 (1971); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The scope of our review is limited to the record only. We may not review the evidence de novo, make credibility determinations, or reweigh the evidence. Garner, 745 F.2d at 387.
 
 
 12
 In order to demonstrate disability, there is a five-step sequential evaluation process: (1) a claimant must show that he has not engaged in substantial gainful activity for twelve months; (2) that he has a severe impairment; (3) that his impairment meets or equals a condition in the Listing of Impairments, and if it does, he will be found disabled; (4) if it does not meet a Listing, the Secretary must determine if given the claimant's residual functional capacity, he can perform his past relevant work; and (5) if the claimant cannot perform his past relevant work, the Secretary must determine whether the claimant can perform other work. See, 20 C.F.R. Sec. 404.1520 (1989).
 
 A.
 
 13
 Rutter argues that his back pain renders him disabled. The Secretary determined that while Rutter did have back pain due to a herniation, the impairment was not severe. Rutter relies upon the opinion of Dr. Robert Mervis, D.O., that Rutter is physically unable to consistently lift more than ten pounds, stand for more than two hours of an eight hour day, or sit more than two hours of a working day. Rutter contends that this opinion is entitled to significant weight because Dr. Mervis is a treating physician, and that the physical impairments must be weighed with all other types of impairments when considering whether Rutter is disabled.
 
 
 14
 The ALJ can discount the conclusory statements of treating physicians when the objective medical evidence does not support their conclusions. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988). We find that the objective medical evidence does not support Dr. Mervis' conclusions. Dr. Keller's 1985 examination found no functional restrictions and the CT scan showed only a mild herniation, not a severe impairment. Therefore, we conclude that substantial evidence supports the Secretary's conclusion that the back impairment was not severe enough to render Rutter disabled.
 
 B.
 
 15
 The district court ruled that a claimant who fails to make a bona fide effort to obtain treatment for his alcohol or drug addiction is presumed to have the ability to control his abuse. In Gerst v. HHS, 709 F.2d 1075, 1078 (6th Cir.1983) (per curiam), this court noted that "an important question is whether the claimant has lost the voluntary ability to control his use of alcohol." Because "[o]ne of the symptoms of alcoholism ... is its victims['][sic] tendency to deny the severity of their condition[,] ... the Secretary may not simply take the claimant's disavowal of his condition at face value." Id. at 1079.
 
 
 16
 Sometime after the Gerst opinion, the agency promulgated new listings. Under Listing 12.09, an individual is disabled for substance addiction if he can show one of several cross-listed mental or physical impairments related to the addiction. 20 C.F.R. 404, Subpart P, Appendix 1, Sec. 12.09. In the instant case, Rutter contends that he has a personality disorder under Listing 12.08. In LeMaster v. HHS, 802 F.2d 839, 842 (6th Cir.1986) (per curiam), this court interpreted Listing 12.08 and stated:
 
 
 17
 The new listing and the Gerst case lead one to the conclusion that the mere inability to control alcohol intake is not sufficient to allow for a finding of disability. There must be serious interference with the claimant's normal day-to-day activities.
 
 
 18
 Dr. Goldsmith stated, and the Secretary agreed, that Rutter's non-volitional personality disorder resulted in only a slight decrease in his ability to perform functions so as to preclude a wide range of work activity. However, the medical advisor gave no opinion as to Rutter's functional limitations if the alcohol intake was not voluntary. As such, the disposition of this case depends upon the finding of Rutter's ability to control his intake--a finding which must be made under the proper standard.
 
 
 19
 Rutter admits that loss of ability to control alcohol intake is an element of alcoholism under the regulations; however, he contends that the district court's additional requirement of a bona fide effort to seek treatment is not found in case law or in the regulations. Because alcoholics often cannot control their intake despite treatment programs and because alcoholics often refuse to admit their own disease, Rutter contends that the district court's standard is improper. In addition, Rutter notes that it is not clear what constitutes a bona fide effort at treatment. In this regard, Rutter contends that the standard is ill-defined and vague.
 
 
 20
 At oral argument, the attorney for the Secretary conceded that the district court considered the importance of a bona fide effort to seek treatment "in a greater proportion than the Secretary is considering." We conclude that the district court erred by elevating the importance of Rutter's failure to make a bona fide effort to a standard determinative of the issue of loss of control over alcohol intake. One's past efforts (or lack of efforts) at treatment are instead more properly viewed as one factor relevant to the determination of whether the intake of alcohol is voluntary. Therefore, we remand the case to the district court to accord the proper emphasis to the evidence of failure to make a bona fide effort at treatment.
 
 III.
 
 21
 For the foregoing reasons, we REMAND to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge of the Western District of Tennessee, sitting by designation