979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Spencer HOOPLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 92-5322, 92-5394.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before KENNEDY, BOYCE MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Spencer Hoople, a social security claimant represented by counsel, filed two notices of appeal of the district court's judgment affirming the Secretary's denial of his applications for supplemental security income and disability insurance benefits. These cases have been consolidated on appeal. Hoople also moves the court to remand his case for consideration of newly discovered evidence. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 Hoople filed his applications for benefits on October 11, 1989, alleging a disability since February 1, 1989, due to emphysema, a history of alcohol abuse, and problems with his left hip. Hoople was born on January 27, 1946, and has an eleventh grade education. He has past relevant work experience as a welder where he was required to do prolonged standing with lifting/carrying up to thirty pounds. He has not engaged in substantial gainful activity since his alleged onset date of disability.
 
 
 3
 An administrative law judge (ALJ) determined that Hoople was not disabled because he could perform a significant number of jobs in the national economy. The Appeals Council denied Hoople's request for review. Hoople then sought judicial review of the Secretary's decision. The district court determined that substantial evidence existed to support the Secretary's decision.
 
 
 4
 On appeal, Hoople argues that the Secretary's decision is not supported by substantial evidence because the ALJ did not properly evaluate his alcoholism or his complaints of pain and shortness of breath.
 
 
 5
 Upon review, we conclude the Secretary's decision denying benefits is supported by substantial evidence. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly evaluated Hoople's complaints of pain and shortness of breath because subjective complaints in the absence of medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988).
 
 
 6
 The ALJ also properly considered Hoople's history of alcohol abuse. The mere fact of being an alcoholic will not by itself be the basis for a finding of disability. Gerst v. Secretary of Health and Human Services, 709 F.2d 1075, 1078-79 (6th Cir.1983) (per curiam). There is no evidence that Hoople's history of alcohol abuse presently affects him mentally or physically or that it has interfered with his normal day-to-day activities. See LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 842 (6th Cir.1986) (per curiam).
 
 
 7
 Finally, we conclude that a remand for consideration of additional evidence is not warranted in this case. Hoople has not demonstrated good cause for his failure to incorporate this evidence at the time the Secretary considered his applications for disability benefits, see Melkonyan v. Sullivan, 111 S.Ct. 2157, 2163-64 (1991), or that the Secretary would have reached a different result if he had Dr. Dane's report. See Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711-12 (6th Cir.1988) (per curiam).
 
 
 8
 Accordingly, we hereby deny Hoople's motion to remand and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.