38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Earl E. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5434.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Earl Miller, a social security claimant represented by counsel, appeals a district court judgment which affirmed the Secretary's decision finding that Miller was disabled but only as of November 16, 1990, and not prior to that date. Miller contests the Secretary's established onset date of disability. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Miller filed his applications for disability insurance benefits and for supplemental security income benefits on November 16, 1990, alleging a disability since January 15, 1980, due to "arthritis, heart trouble and breathing trouble." Miller last met the disability insured status requirements under the Social Security Act on December 31, 1983. Therefore, for purposes of entitlement to disability insurance benefits, Miller must establish that he was disabled on or before December 31, 1983.
 
 
 3
 An administrative law judge (ALJ) determined that Miller was not disabled at any time on or prior to December 31, 1983. The ALJ further found that Miller was disabled for purposes of entitlement to supplemental security income benefits beginning with the date he filed his supplemental security income application, November 16, 1990. The Appeals Council denied Miller's request for review.
 
 
 4
 Miller then sought judicial review of the Secretary's decision, arguing that he was disabled prior to his last insured date and that he should also be entitled to disability insurance benefits, not just supplemental security income benefits. A magistrate judge recommended granting the Secretary's motion for summary judgment. Upon de novo review in light of Miller's objections, the district court adopted the magistrate judge's recommendation and dismissed Miller's case. On appeal, Miller continues to argue the merits of his case.
 
 
 5
 Initially, we note that, on appeal, Miller does not contest the ALJ's assessment of his physical problems prior to November 16, 1990. Miller's argument is essentially that he was disabled prior to November 16, 1990, due to his substance abuse disorder which began prior to his last insured date. Therefore, any argument which can be construed as challenging the ALJ's residual functional capacity assessment of his physical problems should be considered abandoned on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision that Miller was not entitled to disability insurance benefits and that he was not disabled on or prior to December 31, 1983. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The evidence does not establish the existence of any severe substance addiction disorder, mental impairment, or physical impairment that significantly interfered with Miller's ability to work prior to his last insured date. The mere fact of being an alcoholic, standing alone, will not be a basis for finding Miller disabled, see Gerst v. Secretary of Health and Human Servs., 709 F.2d 1075, 1078-79 (6th Cir.1983) (per curiam), and the evidence does not establish that Miller's substance addiction seriously interfered with his daily activities on or prior to December 31, 1983. See Buress v. Secretary of Health and Human Servs., 835 F.2d 139, 141-42 (6th Cir.1987) (per curiam); LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir.1986) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment.