54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alvin D. CRAWFORD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3936.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: CONTIE, MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Alvin D. Crawford appeals a district court order affirming the Secretary's denial of his applications for social security disability benefits and supplemental security income (SSI) benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Crawford filed applications with the Secretary, seeking social security and SSI benefits. Crawford alleged that he suffered headaches, back pain, and alcoholism. Following a hearing, the administrative law judge (ALJ) determined that Crawford was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council affirmed the ALJ's determination. Crawford then filed a complaint seeking judicial review of the Secretary's decision. The district court remanded the case to the Secretary for further consideration. Upon remand, the ALJ reconsidered Crawford's case and again concluded that he was not disabled. The Appeals Council affirmed this determination. Crawford again sought judicial review of the Secretary's decision. The district court concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Crawford has filed a timely appeal.
 
 
 3
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). Crawford has not met his burden of showing that he meets the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 12.00 et seq. See Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164 (6th Cir. 1987) (per curiam). The testimony of the vocational expert constitutes substantial evidence to support the Secretary's finding that Crawford is capable of performing other jobs in the regional and national economy and therefore is not disabled. See Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam). Further, Crawford is not disabled by his alcoholism because it does not seriously interfere with his normal day-to-day activities. See LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir. 1986) (per curiam). The ALJ properly concluded that Crawford's claims were not credible. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam). Lastly, Crawford's allegations of bias on the part of the ALJ are without merit. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994).
 
 
 4
 Accordingly, we affirm the district court's judgment.