67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. RAY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6127.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: JONES, DAUGHTREY and PHILLIPS,* Circuit Judges.
 
 ORDER
 
 2
 James Ray appeals the judgment affirming the Secretary's denial of disability benefits under the Social Security Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James Ray filed an application for Social Security disability benefits in 1991 in which he claimed that he was disabled as of December 15, 1985, owing to a combination of impairments. Ray's claim was initially denied and set for an evidentiary hearing before an administrative law judge (ALJ). The ALJ ultimately concluded that, although Ray met the insured status as of the alleged onset date, his conditions did not amount to a disabling condition and he was not prevented from returning to his past relevant work. This conclusion became the final decision of the Secretary when the Appeals Council denied Ray's request for review.
 
 
 4
 Ray sought review of the Secretary's ruling in district court pursuant to 42 U.S.C. Sec. 405(g). The court entertained oral argument by counsel and concluded that the Secretary's decision should be affirmed. This appeal followed. The parties have briefed the issues and waived oral argument.
 
 
 5
 Ray was born April 24, 1939. He had three years of schooling and worked at various skilled and semi-skilled jobs demanding light to medium levels of exertion. Ray's 1991 application for disability benefits contained his claim that he became disabled on December 15, 1985, due to a combination of alcohol abuse, leg pain and impaired eyesight.
 
 
 6
 The matter eventually proceeded to a hearing before an ALJ. The evidence of record includes testimony of the claimant and a vocational expert, and several pre- and post-onset date medical and psychological reports. The ALJ concluded that 1) Ray had not engaged in any substantial gainful activity since the onset date of December 15, 1985, 2) Ray's alcoholism, although severe, did not meet or exceed any of the listed impairments such that a finding of disability was mandated, and 3) Ray could preform his past relevant work as a janitor. These conclusions became the decision of the Secretary when the Appeals Council declined Ray's request for review.
 
 
 7
 Ray appealed this decision to the district court. The case was assigned to a magistrate judge before whom the parties consented to the entry of judgment. The magistrate judge found for the Secretary after the parties argued the case through counsel.
 
 
 8
 Ray's appellate counsel advances two arguments on appeal; both involve an examination of the evidence adduced in the administrative proceedings. Counsel specifically contends that 1) there is insufficient evidence in the record to support the conclusion that Ray's condition did not meet or exceed a listed impairment, and 2) there is insufficient evidence supporting the conclusion that Ray retains the ability to return to his past relevant work as a janitor. We conclude that there is no merit to either position.
 
 
 9
 The standard of review that applies to Ray's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 10
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 11
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 12
 The Secretary conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 13
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 14
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 15
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 16
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 17
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 18
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in this sequential analysis. 20 C.F.R. Sec. 404.1520. In the case at bar, the Secretary denied Ray's application for benefits upon reaching the third and fourth steps in the analysis. That is, the Secretary determined that Ray was not disabled under the Social Security Act, and that Ray could perform his past relevant work.
 
 
 19
 A significant portion of Ray's disability claim is based on his alcoholism. Alcoholism, standing alone, does not mandate a finding of disabled under the Social Security Act. Gerst v. Secretary of Health and Human Servs., 709 F.2d 1075, 1078-79 (6th Cir.1983) (per curiam); cf. 20 C.F.R. Sec. 404.1525(e), 20 C.F.R. Sec. 416.925(e). Evidence of this condition must be accompanied by proof that it causes a serious interference with the claimant's normal day-to-day activities. LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir.1986) (per curiam). The claimant's ability to function socially, get along with others and complete tasks in a timely manner is relevant to this determination. Buress v. Secretary of Health and Human Servs., 835 F.2d 139, 141-42 (6th Cir.1987) (per curiam).
 
 
 20
 No one disputes Ray's contention that he has a substance abuse problem. The point of contention in this regard is whether this alcohol addiction has caused a serious interference with his life such that he is completely disabled. The record is replete with evidentiary material supporting a finding that Ray's alcoholism has not seriously interfered with his daily routine within the meaning of LeMaster and Buress. Ray personally reaffirmed at the 1992 evidentiary hearing that he was able to carry on many of these daily activities as well as indicating that he earns money to support his substance abuse by collecting and recycling aluminum cans from around his neighborhood. Thus, even if Ray's counsel is correct in his assessment of the supporting medical evidence of Ray's alcoholism, there is simply too much evidence that it does not disrupt Ray's daily life to amount to a disabling condition within the meaning of the Act.
 
 
 21
 The Secretary (through the ALJ) found that Ray's alcoholism did not meet the listings and did not prevent him from performing his past relevant work as a janitor. Counsel for Ray claims that this finding was not supported by sufficient evidence. This claim lacks merit.
 
 
 22
 It was Ray's burden to show that he could no longer perform his past relevant work. See Bowen v. Yuckert, 482 U.S. 137, 146-47 n. 5 (1987). The evidence of record, however, reflects that Ray's past relevant work as a janitor was characterized as mainly medium exertion, unskilled work unaccompanied by stress. The evidence of record, as well as Ray's own testimony, reflects that Ray was capable of performing many daily tasks akin to those required of a janitor and that he was actively seeking a position as a janitor at the time of the administrative hearing. This evidence is sufficient to support the Secretary's conclusions in this regard. The appeal is meritless.
 
 
 23
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation