70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Ray HOPKINS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-5158.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 2
 Jerry Ray Hopkins appeals a district court judgment denying his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Hopkins filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from impaired breathing and pain in the right hand, right shoulder, and left knee. Following a hearing, the Administrative Law Judge (ALJ) determined that Hopkins was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Hopkins then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Hopkins contends that he satisfies Sec. 5.08 and Sec. 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the objective medical evidence in the record establishes that Hopkins does not have a weight problem, nor a mental impairment, which satisfies either of these listed conditions.
 
 
 6
 Further, Hopkins's alcoholism is not disabling. The mere inability to control one's alcohol intake is not sufficient to allow for a finding of disability, absent a serious interference with the claimant's daily activities. LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir.1986) (per curiam); see Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 110 (6th Cir.1989). The record establishes that Hopkins has a very active daily schedule. Therefore, his alcoholism simply is not disabling.
 
 
 7
 Hopkins contends that the ALJ improperly disregarded the residual functional capacity assessment of Dr. Taylor. However, Dr. Taylor's opinion was based on an invalid pulmonary function study. Therefore, the ALJ properly rejected Dr. Taylor's residual functional capacity assessment.
 
 
 8
 Finally, Hopkins contends that the ALJ failed to consider his impaired ability to read and spell. The record is undisputed that Hopkins has a high school education and has completed one year of college. Despite his education, Hopkins's test scores did indicate an impaired ability to read and spell. However, a review of the ALJ's opinion shows that the ALJ did consider Hopkins's test scores in concluding that Hopkins was not disabled. Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation