72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tammy LANCE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1461.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Tammy Lance, a social security claimant represented by counsel, appeals a district court judgment which affirmed the administrative denial of her claim for supplemental security income benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Lance filed an application for benefits alleging a disability due to chronic back pain. An administrative law judge (ALJ) determined that Lance was impaired by chronic low back pain, post-traumatic right knee arthritis, myofascial syndrome, alcohol abuse, obesity and a personality disorder. However he found that she could perform a limited range of sedentary work. Relying on the testimony of a vocational expert, the ALJ found that Lance could perform work which exists in significant numbers in the national economy and was, therefore, not disabled. The Appeals Council denied Lance's request for review.
 
 
 4
 Lance then sought judicial review of the administrative decision. A magistrate judge recommended that summary judgment be granted to the defendant, and the district court adopted this recommendation after de novo review. On appeal, Lance argues that the ALJ erred in not finding her disabled by alcoholism, that she was denied a fair hearing by the ALJ, and that the ALJ failed to consider that her complaints of pain may be due to a psychological condition.
 
 
 5
 Upon review, we conclude that substantial evidence supports the administrative decision denying Lance's claim for benefits. See Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). Lance did not demonstrate a disability due to alcoholism, as she did not show that it seriously interfered with her normal activities. See LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir.1986) (per curiam). Lance waived the issue of denial of a fair hearing by not raising it before the Appeals Council. See Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987). Moreover, she did not point to any evidence she would have submitted in support of her claim if the ALJ had behaved less rudely at her hearing. Finally, we conclude that the ALJ did not err in failing to consider whether Lance's complaints of pain had a psychological source, where the record contained only two consultative examinations by mental health professionals, neither of which contained objective evidence of a psychological impairment which might be the cause of Lance's pain. See Young v. Secretary of Health and Human Servs., 925 F.2d 146, 151 (6th Cir.1990).
 
 
 6
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation